518

United States District Court
D. Arizona.

June 8, 1951

Knapp, Boyle, Bilby & Thompson and Harold C. Warnock, all of Tucson, Ariz., for plaintiffs.

Don Hummel, Asst. U. S. Atty., at Tucson, Ariz., for the government.

McCOLLOCH, District Judge.

Findings of Fact

1. The plaintiffs are citizens of the State of Arizona, residing in Tucson, Pima County, Arizona.

Lester T. Cox is the duly appointed, qualified and acting Administrator of Gladys E. Cox, deceased, acting under jurisdiction of the Superior Court of Pima County, Arizona, in Probate Cause No. 12867. Gladys E. Cox was a resident of Los Angeles, California, and died on November 19, 1948.

2. In May, 1943, plaintiffs, Lester T. Cox and Ethyl M. Cox were partners in the produce business in Tucson, Arizona, with Gladys E. Cox, deceased, and A. B. Cox. The partnership did business under the firm names of W. H. Cox & Sons and Tucson Fruit Company.

3. Said business had been long established. In 1943 it had a virtual monoply of all of the produce business in Tucson, Arizona and vicinity, with a volume in excess of $2,500,000 a year. Said business had a large good will value.

4. On or about May 24, 1943, the partners entered into a contract to sell their produce business to J. E. Keim and J. P. Corcoran, doing business as Keim Produce Company, and Mildred Keim, wife of J. E. Keim. Said contract was partly written and partly oral, and pursuant to its terms the partners sold, at a single transaction, the going business of W. H. Cox & Sons and Tucson Fruit Company and delivered said business to said buyers on June 1, 1943. The partners sold all of the trucks, movable equipment, and merchandise of the business at book value, rented a warehouse to the buyers for five years for a total rent of $39,000, and sold the good will of the business for $50,000, payable as follows:

$10,000 on June 1, 1944,
$10,000 on June 1, 1945,
$10,000 on June 1, 1946,
$20,000 on June 1, 1947.

It was the intent and understanding of all of the parties to said contract that the said sum of $50,000 represented the pur-

chase price of the good will of the produce business operated by plaintiffs and A. B. Cox under the trade names of W. H. Cox & Sons and Tucson Fruit Company. It was the intent and understanding of the parties that no part of said sum represented payment, by the buyers of said produce business, in consideration of an agreement by plaintiffs and A. B. Cox not to compete with said buyers.

5. Lester T. Cox, Ethyl M. Cox and Gladys E. Cox each received the sum of $2,500 on June 1, 1944, as his one-quarter interest in the sum of $10,000 due on said date.

6. Prior to March 15, 1945, Gladys E. Cox filed, on the prescribed form, a return of her income for the calendar year 1944, showing a net income of $4,694.16, and paid to the Collector of Internal Revenue for the District of California income tax thereon in the sum of $1,016.30.

On or about January 6, 1948, the Internal Revenue Agent in charge, Los Angeles Division, Internal Revenue Service, U. S. Treasury Department, made a report determining that a deficiency existed in the payment of said tax in the amount of $362.50, basing the alleged deficiency upon the ground that the sum of $2,500 received by plaintiff's decedent during 1944, fifty per cent of which was returned by her as long-term capital gain, was, in fact, ordinary income, all of which was taxable.

Upon the basis of said report, the Collector of Internal Revenue for the District of California, demanded, and Gladys E. Cox paid, additional taxes in the sum of $362.50, together with interest in the amount of $55.68.

Within the time provided by law, Gladys E. Cox filed with the Collector of Internal Revenue for the District of California, upon the prescribed form, claim for refund of said additional tax paid as aforesaid, upon the ground that the sum of $2,500 received by said taxpayer during 1944 was correctly returned as a sale of good will and therefore as a capital asset, and that said sum should not be treated as ordinary income. Said claim for refund was thereafter denied by said Collector.

7. Prior to March 15, 1945, plaintiff Lester T. Cox filed, on the prescribed form, a return of his income for the calendar year 1944, showing a net income of $11,069.62, and paid to the Collector of Internal Revenue for the District of Arizona income tax thereon in the sum of $2,810.76.

On or about January 7, 1948, the Internal Revenue Agent in Charge, Los Angeles Division, Internal Revenue Service, U. S. Treasury Department, made a report determining that a deficiency existed in the payment of said tax in the amount of $875.29, basing the alleged deficiency upon the grounds: (a) that the sum of $2,500 received by plaintiff during 1944, fifty per cent of which was returned by him in his income tax return for 1944 as long-term capital gain, was, in fact, ordinary income, all of which was taxable, and (b) that an exemption for dependents was erroneously claimed.

Upon the basis of said report, the Collector of Internal Revenue for the District of Arizona, demanded, and plaintiff Lester T. Cox paid, within the time provided by law, additional tax in the amount of $875.29, together with interest in the amount demanded by said Collector.

Within the time provided by law, plaintiff filed with the Collector of Internal Revenue for the District of Arizona, upon the prescribed form, claim for refund of $512.50 of said additional tax paid as aforesaid, upon the ground that the sum of $2,500 received by said taxpayer during 1944 was correctly returned as a sale of good will and therefore as a capital asset, and that said sum should not be treated as ordinary income. Plantiff Lester T. Cox accepted the disallowance of exemption for dependents. Said claim was thereafter disallowed by said Collector.

8. Prior to March 15, 1945, plaintiff Ethyl M. Cox filed, on the prescribed form, a return of her income for the calendar year 1944, showing a net income of $11,069.62, and paid to the Collector of Internal Revenue for the District of Arizona income tax thereon in the sum of $2,983.62.

On or about January 7, 1948, the Internal Revenue Agent in Charge, Los Angeles Division, Internal Revenue Service, U. S.

Treasury Department, made a report determining that a deficiency existed in the payment of said tax in the amount of $702.43, basing the alleged deficiency upon the grounds: (a) that the sum of $2,500 received by plaintiff during 1944, fifty per cent of which was returned by her in her income tax return for 1944 as long-term capital gain, was, in fact, ordinary income, all of which was taxable, and (b) that an exemption for a dependent was erroneously claimed.

Upon the basis of said report, the Collector of Internal Revenue for the District of Arizona, demanded, and plaintiff Ethyl M. Cox paid, within the time provided by law, additional tax in the amount of $702.43 together with interest in the amount demanded by said Collector.

Within the time provided by law, plaintiff filed with the Collector of Internal Revenue for the District of Arizona, upon the prescribed form, claim for refund of $492.50 of said additional tax paid as aforesaid, upon the ground that the sum of $2,500 received by said taxpayer during 1944 was correctly returned as a sale of good will and therefore as a capital asset, and that said sum should not be treated as ordinary income. Plaintiff Ethyl M. Cox accepted the disallowance of exemption for a dependent. Said claim was thereafter disallowed by said Collector.

## Conclusions of Law

1. All conditions precedent to the allowance of the refund claimed and the institution of this action have been duly performed by plaintiffs, or have occurred.

2. The sale of good will by Gladys E. Cox and plaintiffs constituted long-term gain on the sale of a capital asset.

3. Therefore, Gladys E. Cox, deceased, and plaintiffs Lester T. Cox and Ethyl M. Cox were required by law to take into account only 50% of the sum of $2,500 received by each of them on or about June 1, 1944, and were required to report for income tax purposes the sum of $1,250 of said amount.

4. The Internal Revenue Agent in Charge, Los Angeles Division, Internal Revenue Service, U. S. Treasury Department, erroneously determined that the entire sum of $2,500 received by each of said taxpayers was ordinary income.

5. The Collector of Internal Revenue for the District of California, in the case of Gladys E. Cox, and the Collector of Internal Revenue for the District of Arizona, in the case of Lester T. Cox and Ethyl M. Cox, respectively, erroneously disallowed the claims for refund of Gladys E. Cox, Lester T. Cox and Ethyl M. Cox.

6. Plaintiffs are entitled to judgment against the defendants as follows:

(a) In favor of Lester T. Cox as Administrator of the Estate of Gladys E. Cox, deceased, in the sum of $362.50.

(b) In favor of Lester T. Cox in the sum of $512.50.

(c) In favor of Ethyl M. Cox in the sum of $492.50.

(d) With interest on all of said sums at the rate of six per cent per annum from March 15, 1945, to a date preceding the refund check by not more than thirty (30) days, such date to be determined by the Commissioner of Internal Revenue, as provided by Section 2411(a) of the Judicial Code, 28 U.S.C.A. § 2411(a).